## APPEAL OF DITTER BROS., INC.

Docket No. 1856.   Submitted May 25, 1925.   Decided September 7, 1925.

*James H. Kane, Esq.,* for the taxpayer.
*John D. Foley, Esq.,* for the Commissioner.

### Before GRAUPNER, TRAMMELL, and PHILLIPS.

The above-entitled appeal involves a deficiency in income taxes for the years 1919 and 1920 amounting to the sum of $2,330.04 and arises out of the refusal of the Commissioner to permit the affiliation of the taxpayer with the Ditter-Bartholet Co., a Washington corporation.

#### FINDINGS OF FACT.

1. The taxpayer is a corporation organized under the laws of the State of Washington with its principal place of business in the City of Yakima. By its charter the taxpayer is authorized to deal in real estate, and prior to the year 1919 had many transactions in real estate. These transactions were quite extensive, although the principal business of the company was conducting a mercantile establishment.

2. Some time prior to 1919 the Ditter-Bartholet Co. was organized at the instance of the Ditter brothers and incorporated under the laws of the State of Washington for the purpose of taking over and conducting the real estate transactions theretofore conducted by the taxpayer.

3. The stockholders of the taxpayer during the years involved were as follows:

|  | Shares |
| --- | --- |
| Phil A. Ditter | 250 |
| Joseph E. Ditter | 250 |

4. The stockholders of the Ditter-Bartholet Co. during the years involved were as follows:

|  | Shares |
| --- | --- |
| Ditter Bros., Inc | 150 |
| Frank Bartholet | 50 |

5. The stockholder, Frank Bartholet, was a cousin of Phil A. Ditter and Joseph E. Ditter, who were the sole stockholders of the tax-

payer, which was the holder of 75 per cent of the stock of the Ditter-Bartholet Co. Bartholet had been associated with the taxpayer in many of its real estate transactions previous to the organization of the Ditter-Bartholet Co.

6. The shares of stock in each of the corporations had voting rights and no stock was held subject to any agreement or control. The capital stock in both corporations was acquired for cash paid by the respective stockholders and the profits of the two companies were distributed on the basis of the stockholdings in each.

7. During the years in question the election of officers and directors in the Ditter-Bartholet Co. was made by the unanimous votes of the stockholders of that corporation, and all matters affecting the management and the activities of the corporation were accomplished through unanimous and joint consent of the stockholders of the corporation and the stockholders of the taxpayer. At all times and in all transactions carried on by the Ditter-Bartholet Co. during the years involved Bartholet concurred in the desires and purposes of the two Ditters, but the Ditters had no actual control over the stock held by Bartholet.

DECISION.

The determination of the Commissioner is approved.

On reference to the Board, ARUNDELL took no part in the consideration.